IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:15-cr-00496-L |
| v. | |
| USPLABS, LLC, A TEXAS CORPORATION; JACOBO GEISSLER (a.k.a. JACOB GEISSLER); JONATHAN DOYLE; MATTHEW HEBERT; KENNETH MILES; S. K. LABORATORIES, INC., A CALIFORNIA CORPORATION; SITESH PATEL; and CYRIL WILLSON (a.k.a. ERIK WHITE). | |

**Government's Response to Defendants' Joint Emergency Motion to Modify the Court's Order Setting Conditions of Release**

On December 1, 2015, Defendants USP Labs, LLC (USP Labs), Jacobo Geissler, Jonathan Doyle and Matt Hebert filed their Joint Motion to Modify the Court's Orders Setting Conditions of Release.[1]  In their motion, these defendants ask that the Court modify its Order to allow them to talk to each other in the presence of their lawyers and to allow them to have contact with all USP Labs employees.  While the government agrees to the relief sought in part, it objects to a modification of the Order that would allow these defendants to have contact with the following witnesses in this case:  (1) Lonnie Clark; (2) Chad Crosby; (3) Adam Schwinghammer; and (4) George Wilson.

---

[1] Because it is a corporation, no conditions of release were set for USP Labs; nonetheless, it has joined with the individual defendants in this motion to modify.  For purposes of this response, when the government uses the term "defendants," it refers to the individual defendants upon which the Court imposed conditions of release.

Each of these individuals are witnesses in this case. As a result, the Court should deny the defendants' motion to modify conditions to allow contact with these witnesses.

## Background

On November 17, 2015, defendants Geissler and Hebert were arrested on the Indictment in this case and made their initial appearance before the Honorable Paul D. Stickney. During that hearing, Geissler represented (and Hebert did not contradict) to the Court that the defendants themselves needed to be in contact in order to "wind down" the company. The Court ordered that their contact be limited to the winding down of the company and that they have no other contact with any potential witnesses or co-defendants. On November 18, 2015, defendant Doyle was arrested on the Indictment and made his initial appearance. Again, the Court imposed the same conditions on defendant Doyle that the defendants only have contact in order to wind down the business. Since those initial appearances, the defendants have decided that the USP Labs is "still very much in business. . . ."

## Argument

**The Court Should not Modify its Order to Allow Any Contact with the Specified Witnesses.**

Section 3142(c)(1)(B) of Title 18 of the United States Code provides that the Court shall order the pretrial release of a person subject to the least restrictive further conditions, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community , which may include the condition that the person  . . . (v)

avoid **all** contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." 18 U.S.C. 3142(c)(1)(B)(v) (emphasis added). Defendants suggest that the conditions the Court sets on contact with witnesses be the least restrictive condition; but that's not accurate. Here, the Court correctly determined that in order to reasonably assure the appearance of the person required and the safety of any other person and the community, it was important to order that these defendants avoid **all** contact with a potential witness in this case. The four individuals identified above are far more than "potential witnesses," they are likely to be called as witnesses in this case.[2] The condition that the defendants avoid **all** contact with Lonnie Clark, Chad Crosby, Adam Schwinghammer, and George Wilson is necessary to accomplish the objectives set out in 18 U.S.C. 3142(c).

It is also important that the court consider subsection (f)(2) of 18 U.S.C. 3142 when considering whether the Court should allow contact with these witnesses. Subsection (f)(2) provides that a detention hearing should be held upon the motion of the attorney for the government or upon the court's own motion, in a case that involves — "(A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice . . . ." In this case a serious risk exists that the defendants will obstruct justice because they have done it in the past. In fact, it's one of the charges in the Indictment.

---

[2] The government can provide more details to the Court *ex parte* with respect to the witness testimony of Lonnie Clark, Chad Crosby, Adam Schwinghammer, and George Wilson.

Contrary to the suggestions in the defendants' brief, the government *has* identified specific and valid reasons why the defendants should not be permitted to speak with the four USP Labs employees they identify. As the government explained to defense counsel recently in a meet and confer that lasted over an hour, the charges in the indictment do not represent one-time-only, limited criminal conduct, but rather an expansive array of crimes including many different components and lasting for a number of years. And many of these criminal acts as involve obstructing a federal regulatory investigation as well as obstructive conduct in this criminal investigation. Specifically, these defendants engaged in witness tampering during the investigation by instructing Ms. Clark, their employee, to sign an affidavit, in a sealed filing filed with the United States District Judge Sidney A. Fitzwater, that was false and misleading.[3]

Further, a great deal of the defendants criminal acts were accomplished by engaging USP Labs employees such as Lonnie Clark, Chad Crosby, Adam Schwinghammer, and George Wilson to perform acts that were integral to the crimes charged in the Indictment. Lonnie Clark, for example, has worked for the company for years and was instrumental in setting up "five layers" of "asset protection" in order to keep the defendants' ill-gotten gains from the victims of their conduct. In other words, she personally assisted in setting up vast numbers of shell corporations in various jurisdictions and moving the defendants' money through those corporations at a time when she knew that the defendants were being accused of doing illegal things.

---

[3] The government can also provide additional information to the Court *ex parte* with respect to this sealed filing.

Similarly, Adam Schwinghammer, George Wilson, and Chad Crosby were inextricably linked to the crimes charged in the indictment *as part of their regular job duties*: arranging for interstate shipments of illegal products, directing sales employees to sell potentially deadly products during a liver-injury outbreak, and reformulating those products to remove such ingredients and substitute other ingredients at the defendants' direction.

During the course of the government's investigation, these four witnesses demonstrated extreme loyalty to the defendants. The Court and the government can have no confidence that the defendants will not employ these witnesses to engage in similar conduct in the present. And these witnesses cannot be relied upon to report contact in contravention of the Court's order because of their loyalties and their own financial interests—they are paid by the defendants.

**The Court Should Caution Each of the Individual Defendants with Respect to Meeting with other Defendants Without Their Own Counsel Present.**

However ill-advised a joint defense agreement is for the individual defendants, the government cannot prevent the defendants from entering into such an agreement. However, the individual defendants should be aware of the risks to their own individual interests when meeting with other defendants without their own individual defense counsel present. For the protection of the rights of each individual defendant, and to ensure that each individual defendant appreciates the potential consequences of a joint defense agreement and meeting without their own counsel present, the government asks

the Court to make the individual defendants aware of their rights and potential risks prior to modifying the conditions.

## Conclusion

For the foregoing reasons, the government urges the Court to deny defendants' Joint Emergency Motion to Modify Conditions of Release with respect to ANY contact with Lonnie Clark, Chad Crosby, Adam Schwinghammer, and George Wilson. Further, the government requests that the Court inform the defendants of their rights and the potential risks to their interests when meeting with co-defendants without their own attorneys present.

    Respectfully submitted,

    JOHN R. PARKER
    UNITED STATES ATTORNEY
     /s/  Errin Martin
    ERRIN MARTIN
    Assistant United States Attorney
    Texas State Bar No. 24032572
    1100 Commerce Street, Suite 300
    Dallas, Texas 75242
    214.659.8838

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 8, 2015, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the assigned United States Probation Officer and the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means counsel for USP Labs, LLC, Jacobo Geissler, Jonathan Doyle, and Matthew Hebert.

          /s Errin Martin
      ERRIN MARTIN
      Assistant United States Attorney